IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. LIFSCHITZ, | No. C 10-2107 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| RONALD M. GEORGE, | |
|     Defendant. | |

On September 3, 2010, the Court held a hearing on defendant's motion to dismiss the complaint. The Court ordered supplemental briefing, and on December 2, 2010, stayed this case pending the Ninth Circuit's resolution of *Schmier v. Justices of California Supreme Court*, 9th Cir. No. 09-17195. The parties have informed the Court that on December 22, 2010, the Ninth Circuit issued an unpublished memorandum disposition in *Schmier*. Accordingly, the Court lifts the stay in this case. For the reasons set forth below, the Court GRANTS the motion and dismisses the complaint without leave to amend.

**BACKGROUND**

On May 17, 2010, plaintiff Eric Lifschitz filed a complaint for declaratory and injunctive relief against Ronald M. George, in his official administrative capacity as Chair of the Judicial Council of California. Plaintiff is an attorney, and he brings suit on behalf of himself and all other similarly situated attorneys admitted to practice law before the state courts of California, "who as a result of California Rules of Court promulgated and continued to be enforced by the Judicial Council of California are only permitted to cite or mention opinions of California state courts that have been designated as 'certified for publication' or ordered officially published ('published' cases), and are

forbidden from citing or even mentioning any other cases to the California state or any other courts." Compl. ¶ 1. Plaintiff alleges that these California Rules of Court amount to a prior restraint of free speech in violation of the First and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges that the rules violate his First Amendment right to petition the government for redress, as well as his right to Due Process because the procedure for requesting publication of an unpublished decision denies him a meaningful opportunity to be heard. Plaintiff brings this action for declaratory and prospective injunctive relief pursuant to 42 U.S.C. § 1983 and *Ex Parte Young*, 209 U.S. 123 (1908).

Plaintiff challenges two California Rules of Court. California Rule of Court 8.1115, titled "Citation of Opinions," provides in relevant part:

> (a) Unpublished opinion
>
> Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action.
>
> (b) Exceptions
>
> An unpublished opinion may be cited or relief on:
>
> (1) When the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or
>
> (2) When the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action.

Cal. Rules of Court 8.1115.

California Rule of Court 8.1120, titled "Requested publication of unpublished opinions," provides,

> (a) Request
>
> (1) Any person may request that an unpublished opinion be ordered published.
>
> (2) The request must be made by a letter to the court that rendered the opinion, concisely stating the person's interest and the reason why the opinion meets a standard for publication.
>
> (3) The request must be delivered to the rendering court within 20 days after the opinion is filed.
>
> (4) The request must be served on all parties.

2

(b) Action by rendering court

(1) If the rendering court does not or cannot grant the request before the decision is final in that court, it must forward the request to the Supreme Court with a copy of its opinion, its recommendation for disposition, and a brief statement of its reasons. The rendering court must forward these materials within 15 days after the decision is final in that court.

(2) The rendering court must also send a copy of its recommendation and reasons to all parties and any person who requested publication.

(c) Action by Supreme Court

The Supreme Court may order the opinion published or deny the request. The court must send notice of its action to the rendering court, all parties, and any person who requested publication.

(d) Effect of Supreme Court order to publish

A Supreme Court order to publish is not an expression of the court's opinion of the correctness of the result of the decision or of any law stated in the opinion.

Cal. Rules of Court 8.1120.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth

Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

**I.     Standing**

Defendant contends that plaintiff lacks standing to challenge the citability and publication rules because the complaint only alleges a generalized interest in citing unpublished cases, and does not allege an action "that has immediately and personally subjected him to sanctions or has adversely affected one of more of [plaintiff's] clients." *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821-22 (9th Cir. 2002)(*"Schmier 1"*). In *Schmier 1*, the plaintiff attorney challenged the Ninth Circuit's since-amended rules prohibiting citation to unpublished opinions.[1] The plaintiff alleged that, "as an attorney who practices in the courts of the Ninth Circuit and a citizen 'beneficially interested . . . and personally concerned' in seeing the Ninth Circuit 'perform their duties under the law,' he is entitled to injunctive relief that would require (among other things) recognition by all the courts in the Ninth Circuit that all their orders and opinions, published or unpublished, carry the force of precedent . . . ." *Id.* at 819. The Ninth Circuit affirmed the district court's dismissal of the complaint on standing grounds:

> First, Schmier has not alleged a violation of a right personal to himself; rather, he appears to allege an injury on behalf of all lawyers practicing within the Ninth Circuit (or, indeed, all persons residing within that Circuit's geographical confines), along with an injury to all his clients generally. Further, the harm that he describes in his complaint actually deals only with the speculative loss of some alleged right in citing and relying on an unpublished decision that someday, in some case of his, may somehow help one of his current (or future) clients obtain a favorable result of some sort. He does not even assert that, as a result of the Circuit Rules, he has abstained from citing an unpublished decision that he believed would serve as a helpful precedent.

---

[1] At the time of *Schmier 1*, Ninth Circuit Rule 36-3 prohibited parties and courts in the Ninth Circuit from citing to an unpublished disposition as precedent. In 2006 the federal rules were amended to add Federal Rule of Appellate Procedure 32.1, which rejects rules barring citation to unpublished judicial decisions that were published after January 1, 2007. The current version of Ninth Circuit Rule 36-3 prohibits citation to unpublished decisions issued prior to January 1, 2007.

4

*Id*. at 821.  Similarly, in *Loritz v. U.S. Court of Appeals for the Ninth Circuit*, 382 F.3d 990, 992 (9th Cir. 2004), after the Ninth Circuit affirmed the denial of a habeas corpus petition in an unpublished disposition, the habeas petitioner brought suit against the Ninth Circuit Court of Appeals challenging the constitutionality of its rules regarding unpublished dispositions.  The Ninth Circuit held that the plaintiff lacked standing for two reasons:

> First, a litigant's mere desire to cite an unpublished disposition does not, by itself, establish standing because a litigant must show how he or she was actually injured by a particular Circuit rule. . . Here, Loritz does not show that the outcome of his particular case could have been affected were he able to cite an unpublished disposition. . . . Second, we note that Loritz does not have standing by simply contending that the Circuit Rules "prevent all future litigants from bringing the decision in [Loritz's] appeal to [the court's] attention."

*Id*. at 992.  Defendant contends that, just as in *Schmier 1* and *Loritz*, plaintiff is asserting a generalized challenge to the citability and publication rules, and has not alleged a concrete, particularized, and immediate injury.

Plaintiff contends that he has standing and that he is different from the *Schmier 1* plaintiff because he has alleged that he has been and continues to be affected by the citability and publication rules.  The complaint alleges that "Plaintiff, like all attorneys licensed to practice law in California, is subject to the California Rules of Court when he appears, litigates, or otherwise files documents in any of the courts of the State of California.  Mr. Lifschitz is therefore subject to CRC 8.1115, which prohibits attorneys and pro per litigants from citing cases that have not been designated as 'certified for publication' or ordered officially published ('unpublished' cases).  Mr. Lifschitz has in fact petitioned to publish an opinion and the rendering court has declined to do so."  Compl. ¶ 4.  The complaint also alleges that "But for this prohibition, Plaintiff would have cited to such 'unpublished' opinions in prior and ongoing matters that he has and/or is litigating before California state courts, and would be likely to continue doing so in the future."  *Id*.  In addition, in opposition to defendant's motion, plaintiff has submitted (1) a copy of a letter from the presiding justice of the California Court of Appeal, First Appellate District, Division Four, recommending to defendant George the denial of plaintiff's[2] petition to publish an opinion, and (2) docket sheets from a few cases pending in California state courts in which

---

[2] Defendant notes that there is no evidence in the record showing that plaintiff was counsel of record in that case.

5

plaintiff is listed as counsel of record. *See* Darsky Decl. Ex. 1, 2.

To establish standing, plaintiff must allege (1) an "injury in fact" that is concrete, particularized and actual or imminent, not hypothetical; (2) causation; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *American Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006). Plaintiff contends that the injury that he suffers is the violation of his constitutional rights because he is prevented from citing unpublished decisions, and that a favorable decision in this case would redress that injury. The Court agrees with plaintiff that the allegations here differ from those in *Schmier 1* because here plaintiff has alleged that *his* constitutional rights have been and will continue to be violated. Defendant emphasizes the language in *Schmier 1* in which the Ninth Circuit noted that Mr. Schmier had failed to "allege any action by the Ninth Circuit that has immediately and personally subjected him to sanctions or has adversely affected one or more of Schmier's clients in a Ninth Circuit litigation." *Schmier 1*, 279 F.3d at 821-22. However, the Court does not interpret *Schmier 1* as holding that such allegations are necessary for standing to challenge the citability rules, just that such allegations would be sufficient. Here, the injury that plaintiff alleges is an injury to his First Amendment rights by being prevented from citing unpublished California Court of Appeal decisions; such alleged injury exists regardless of whether plaintiff is threatened with sanctions by the California courts, or whether the rules have adversely affected one of plaintiff's clients. The Court finds that plaintiff has sufficiently alleged standing.

**II.     Merits**

    **A.     First Amendment**

        **1.     Prior restraint**

Plaintiff alleges that CRC 8.115 is an impermissible prior restraint on speech because the rule prospectively forbids an attorney from citing or even mentioning an unpublished case unless and until the attorney has first obtained permission from California's state courts to designate the "unpublished" case as "published," pursuant to CRC 8.1120. Plaintiff primarily relies on *Legal Services Corp. v. Velazquez,* 531 U.S. 533 (2001), which involved a challenge to a Legal Services Corporation (LSC) funding provision. The provision prohibited attorneys or legal service agencies receiving LSC funds

6

from engaging in legal representation involving an effort to amend or otherwise challenge existing welfare law. Lawyers were permitted to represent clients who were challenging determinations of benefit ineligibility, but were precluded from representations designed to change the welfare laws, or from arguing that any applicable state statute conflicts with a federal statute or that either the state or federal statute violates the United States Constitution. In a 5-4 decision, the Supreme Court held that the challenged provision constituted viewpoint-based discrimination that violated the First Amendment.

> The effect of the restriction, however, is to prohibit advice or argumentation that existing welfare laws are unconstitutional or unlawful. Congress cannot recast a condition on funding as a mere definition of its program in every case, lest the First Amendment be reduced to a simple semantic exercise. Here, notwithstanding Congress' purpose to confine and limit its program, the restriction operates to insulate current welfare laws from constitutional scrutiny and certain other legal challenges, a condition implicating central First Amendment concerns. In no lawsuit funded by the Government can the LSC attorney, speaking on behalf of a private client, challenge existing welfare laws. As a result, arguments by indigent clients that a welfare statute is unlawful or unconstitutional cannot be expressed in this Government-funded program for petitioning the courts, even though the program was created for litigation involving welfare benefits, and even though the ordinary course of litigation involves the expression of theories and postulates on both, or multiple, sides of an issue.

*Id*. at 547-48.

The Court finds that *Velasquez* is inapposite. Unlike the restriction in *Velasquez*, the "no-citation" rule does not discriminate between competing viewpoints. The California Rules of Court do not proscribe the expression of any idea, concept or argument, and instead only provide that counsel may not cite unpublished cases. The California citation rule does not preclude counsel from advancing arguments or reasoning found in unpublished decisions; the rule simply provides that attorneys may not cite unpublished decisions as authority.[3]

Judge Alsup recently rejected a similar First Amendment challenge to California's citability and publication rules. *Schmier v. Justices of California Supreme Court*, No. C 09-2740 WHA, 2009 WL 2246205 (N.D. Cal. July 27, 2009)("*Schmier 2"*).[4] In *Schmier 2*, the plaintiff lawyer alleged that

---

[3] Plaintiff devotes much of the briefing to the distinction between citing an unpublished opinion as precedent, versus citing an unpublished opinion as persuasive authority. The Court finds that this distinction is not material to the analysis of plaintiff's constitutional challenges.

[4] In an unpublished memorandum disposition filed December 22, 2010, the Ninth Circuit affirmed Judge Alsup's alternative holding that Schmier's lawsuit was barred by *res judicata*, and the court did not reach Judge Alsup's decision regarding the merits of Schmier's First Amendment

7

California's citability and publication rules violated the First Amendment and constituted an impermissible prior restraint on speech. Judge Alsup rejected this contention:

> Plaintiff cites no on-point authority for the proposition that no-citation rules are unconstitutional. To the contrary, decisions of the Supreme Court and Ninth Circuit have explained that, as a general matter, the judiciary is afforded latitude in constructing court rules of speech and conduct. *See, e.g. Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) (stating that it is "unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed"). First Amendment claims brought by attorneys as officers of the court are closely scrutinized. *Levine v. District Court*, 764 F.2d 590, 595 (9th Cir. 1985).
>
> . . .
>
> First Amendment claims are evaluated differently according to the forum in which they are raised. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797-800, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). Courts of law are considered "nonpublic fora" to which a much higher hurdle for establishing a constitutional violation applies. Under this standard, restrictions on free expression in nonpublic fora are constitutional if the distinctions drawn (1) are reasonable in light of the purpose served by the forum and (2) are viewpoint neutral. *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (2002). The Ninth Circuit made clear in *Sammartano* that while the reasonability standard was not one of rationality alone, a restriction would not violate the Constitution merely because it was "less reasonable" than its alternatives. *Id.* at 966-67.
>
> Under this relatively forgiving standard, the no-citation rule is constitutionally reasonable. Decisions that have considered challenges to rules regarding the publication of decisions have rejected such claims. As Judge Thelton Henderson has explained, "[u]nder California's system for publication and citation of cases, unpublished and uncitable opinions should not announce new rules at all . . . To the extent that unpublished cases do so, it is because the Court of Appeal misapplied the publication criteria-an argument to be raised on direct appeal, and not in a challenge to the citation rule." *Hild v. California Supreme Court*, 2008 WL 544469, at *3 (N.D.Cal.2008), appeal pending, No. 08-15785.[5]

*Schmier 2*, 2009 WL 2246205, at *2-3. Judge Alsup further found if even if the First Amendment claim

---

challenge. *See* Docket No. 30, Ex. 1 (memorandum disposition in *Schmier* ("*Schmier 3"*)).

[5] *Hild v. California Supreme Court*, No. C 07-5107 TEH, 2008 WL 544469 (N.D. Cal. Feb. 26, 2008), involved due process and equal protection challenges to California's citability rules. The *Hild* appeal has since been dismissed by the Ninth Circuit as moot. In *Hild*, the plaintiff had prevailed in a state court action at the trial level, and then the California Court of Appeal ruled against the plaintiff in an unpublished decision. The *Hild* plaintiff filed the federal lawsuit challenging the citability rules, and at the same time, filed a petition for review of the unpublished California Court of Appeal decision in the California Supreme Court. By the time of the Ninth Circuit appeal, the California Supreme Court had declined review in the state court case, and the United States Supreme Court had denied review by certiorari. In an order filed September 28, 2009, the Ninth Circuit held that because the *Hild* plaintiff did not allege that he would be harmed by the citability rules in the future, there was no claimed harm that the court could redress, and thus dismissed the appeal as moot.

8

was analyzed under the standard for public fora, the plaintiff's claim failed. Under the public fora standard, "[e]xpression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions. We have often noted that restrictions of this kind are valid provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). Judge Alsup held,

> At the very outset, plaintiff cannot demonstrate that the no-citation rule fails the content-neutrality requirement on its face. *See Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.*, 502 U.S. 105, 127-28, 112 S.Ct. 501, 116 L.Ed2d 476 (1991) (providing a list of ways in which a rule or regulation may be content-based, none of which are implicated in the present matter). In *Boos v. Barry*, 485 U.S. 312, 320, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988), the Supreme Court described "content-neutral speech restrictions as those that are justified without reference to the content of the regulated speech." Applying this test to the present case, Rule 8.1115(a), which prohibits citation to unpublished decisions, says nothing about the content of such decisions. As in *Boos*, although this Rule pertains to "a particular category of speech," it appears likely that "its justification had nothing to do with that speech." *Ibid.* Under the *Boos* standard, plaintiff's contention that the no-citation rule runs afoul of the First Amendment is unpersuasive. For all of these reasons, plaintiff's First Amendment challenge to California's no-citation rule is rejected.

*Schmier 2*, 2009 WL 2246205, at *4.

Judge Alsup found further support for California's citability rules in the Ninth Circuit's decision in *Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001). In that case, the Ninth Circuit rejected a different constitutional challenge to the since-amended Ninth Circuit rule regarding the publication of judicial opinions.[6] In so holding, the Ninth Circuit noted that "[s]ome state court systems apply the binding authority principle differently than do the federal courts . . . The California Supreme Court may 'depublish' a court of appeal opinion- *i.e.*, strip a published decision of its precedential effect . . . California's depublication practice shows that it is possible to adopt more aggressive methods of managing precedent than those used by the federal courts." *Hart*, 266 F.3d at 1174 n. 30. In addition, Judge Alsup noted that although the federal rules were amended to reject rules barring citation to

---

[6] In *Hart*, the appellant's lawyer cited an unpublished opinion in his opening brief, and the Ninth Circuit ordered counsel to show cause why he should not be disciplined for violating Circuit Rule 36-3. In response to the order to show cause, counsel asserted that the rule violated Article III of the Constitution.

9

1 unpublished judicial decisions that were published after January 1, 2007, the fact that the Ninth Circuit's
2 rule still prohibits citation to unpublished opinions issued prior to January 1, 2007 "strongly suggests
3 that the determination regarding whether or not courts may prevent citation to unpublished authority is
4 not grounded in the Constitution." *Schmier 2*, 2009 WL 2246205, at *3.

5 The Court agrees with Judge Alsup's reasoning and concludes that California's citability and
6 publication rules do not violate the First Amendment right to free speech. California's rules do not
7 prohibit an attorney or litigant from advocating the ideas, concepts and wording of an unpublished
8 opinion in any manner, including in argument to a court. The rules only prohibit attorneys and litigants
9 from citing to unpublished opinions as legal authority or as precedent. Further, as other courts have
10 recognized "[t]he broad constitutional and legislative authority granting the Supreme Court selective
11 publication discretion manifests a policy that California's highest court, with its supervisory powers
12 over lower courts, should oversee the orderly development of decisional law, giving due consideration
13 to such factors as (a) the expense, unfairness to many litigants, and chaos in precedent research if all
14 Court of Appeal opinions were published, and (b) whether unpublished opinions would have the same
15 precedential value as published opinions." *Schmier v. Supreme Court of California*, 78 Cal. App. 4th
16 703, 708 (2000)(*"Schmier-Cal."*); *see also Schmier 2*, 2009 WL 2246205, at *4-5.

### 2. Right to petition the government for redress

19 Plaintiff separately alleges that the citability and publication rules violate his First Amendment
20 right to petition the government for redress because he cannot cite an unpublished decision to a
21 California court. Relying on *Bill Johnson's Restaurants, Inc. v. National Labor Relations Board*, 461
22 U.S. 731 (1983), and *Professional Real Estate Investors, Inc. v. Colombia Pictures Industries, Inc.*, 508
23 U.S. 49 (1993) ("*PREI*"), plaintiff asserts that the Supreme Court has held that citizens cannot be
24 foreclosed from presenting their arguments or cases to a court unless the argument or case is deemed
25 meritless, baseless, or brought in bad faith. Plaintiff argues that Rule 8.115's blanket prohibition on the
26 citation of unpublished opinions "goes far beyond the limitations permitted under the Supreme Court
27 case law interpreting the First Amendment right to petition the government [because] [u]nder CRC
28 8.115, an attorney or litigant is forbidden from arguing that a particular case ought to be followed,

10

1 extended, modified, or repealed, regardless of whether such argument is meritorious." Pl's Supp. Brief
2 at 4:3-7.

3 Plaintiff's reliance on *PREI* and *Bill Johnson's Restaurants* is misplaced. *PREI* examined the
4 scope of the *Noerr-Pennington* doctrine, which protects from liability those who petition the government
5 in order to secure or amend their rights. *See Eastern Railroad Presidents Conference v. Noerr Motor*
6 *Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of America v. Pennington*, 381 U.S. 657
7 (1965). This right includes litigation, *see California Motor Transport Co. v. Trucking Unlimited*, 404
8 U.S. 508 (1972), but does not include "sham" or baseless litigation. *PREI* held that an objectively
9 reasonable effort to litigate against competitors is not "sham" litigation within the meaning of the *Noerr-*
10 *Pennington* doctrine, regardless of a plaintiff's subjective intent. *PREI*, 508 U.S. at 60-61. *Bill*
11 *Johnson's Restaurants* held that the filing and prosecution of a well-founded lawsuit by an employer
12 may not be enjoined as an unfair labor practice, even if the lawsuit was filed in retaliation against an
13 employee for exercising protected rights, and conversely, that it is an enjoinable unfair labor practice
14 to prosecute a baseless lawsuit with the intent of retaliating against an employee. 461 U.S. at 742-43.
15 Neither case addresses the question of whether a state court system can, pursuant to its authority to
16 adopt rules for court administration, practice and procedure, deem certain decisions "unpublished" and
17 prohibit citation to those unpublished dispositions.

18 Plaintiff also relies on cases striking down on First Amendment grounds state court rules
19 regarding confidentiality in the attorney disciplinary process. In *Petition of Brooks*, 140 N.H. 813
20 (1996), the New Hampshire Supreme Court struck down a New Hampshire rule of court under which
21 "a complainant was barred from revealing the fact that a complaint had been filed, what information or
22 testimony the complainant provided the committee, any action taken by the committee in response to
23 the complaint, and any information acquired by the complainant through interaction with the committee.
24 Even when the committee deemed a complaint well-founded and the attorney under investigation
25 received an admonition or a reprimand, the complainant was still forever barred from publicly disclosing
26 this information, unless an exception applied." *Id*. at 818-19. The New Hampshire Supreme Court held
27 that this was a content-based regulation prohibiting "speech traditionally accorded the most solicitous
28 protection of the first amendment; namely, criticism of the government's performance of its duties." *Id.*

11

1 at 819. The court concluded that the restriction was not narrowly tailored to meet any State interest.
2 *Id*. at 821-23.

3 *Brooks* is inapposite. Unlike the rule in *Brooks*, the California Rules of Court challenged here
4 are content-neutral. Further, in *Brooks* the court rule deemed all records and proceedings involving
5 allegations of misconduct by attorneys confidential, whereas here the unpublished opinions, while not
6 citable in court, remain public records. In *Brooks*, the challenged rule directly burdened an individual's
7 right to petition the government for redress. In contrast, plaintiff is free to make any legal arguments
8 he wishes to the California courts; he simply cannot cite to unpublished opinions as authority or
9 precedent. The Court concludes that plaintiff's First Amendment petition for redress claim fails.

### B. Due Process

Plaintiff also alleges that the California Rules of Court violate his right to procedural due process under the Fourteenth Amendment. Plaintiff frames his due process claim as follows:

> [T]here is no question that Lifschitz has properly alleged a deprivation of his liberty interest to free speech and to petition the government that is brought about by CRC 8.1115's prohibition on citation of unpublished cases. The Fourteenth Amendment's due process clause provides that such a deprivation by the State may not be undertaken without "due process of law." At a minimum, that means that the State must provide the aggrieved individual with notice of the deprivation and an opportunity to be heard.
>
> Here, California's sole mechanism for this notice and hearing arises by operation of CRC 8.1120. Under that Rule, any person may request in writing that the court that issued the unpublished opinion certify the opinion for publication. However, CRC 8.1220(a)(3) mandates that such a written request "must be delivered to the rendering court within 20 days after the opinion is filed."
>
> This 20-day filing requirement, which begins to run on the date the unpublished opinion is filed without regard to when an interested litigant's need or desire to cite the opinion arises, renders any notice or opportunity to be heard wholly illusory. A litigant's liberty interest in being able to cite an opinion arises when that litigant first has need or desire to cite that authority in his pending case, and not merely when the unpublished authority was decided. If Lifschitz files a brief in a pending case today and would like to cite to an unpublished decision therein that was decided a month or a year ago, he is afforded no due process for seeking leave to do so under the CRCs.

Opposition at 20:16-21:10 (citations omitted).

Defendant contends that plaintiff's due process argument rests on a false premise, namely that he has a constitutional right to cite an unpublished case as legal authority in California courts. "To be

12

entitled to procedural due process, a party must show a liberty or property interest in the benefit for which protection is sought. If the party establishes that such an interest exists, a court determines what process was due and whether the party was actually afforded such process." *Greenwood v. F.A.A.*, 28 F.3d 971, 975 (9th Cir. 1994). The Court agrees with defendant that, for the reasons explained *supra*, plaintiff has not shown that he has a First Amendment right to cite unpublished opinions, and thus plaintiff's procedural due process claim fails.

Moreover, even assuming that plaintiff has such a First Amendment right, plaintiff's due process claim fails because the 20 day period allowed by Rule 8.1120(a)(3) is reasonable and provides all the process that is due. Plaintiff asserts that the 20 day limitations period violates due process because it "seeks to bind everyone – even non-parties to the unpublished opinion that never had notice or an opportunity to be heard as to the unpublished designation given to that opinion. . . . The Rule (CRC 8.1120) would require non-parties who were not even alive at the time that a California state court issues an unpublished opinion to challenge that designation within 20 days of its issuance." Pl's Response to Supp. Briefing at 6:12-21. Plaintiff does not mount any specific challenge to the 20 day limitation other than the fact that there is a time limitation, and under plaintiff's reasoning, any time limit would constitute a procedural due process violation.

There is nothing inherently unreasonable about the 20 day limitation, and there is a well-recognized need to have fixed time limits to provide stability and predictability in the law. *Cf. Fields v. Legacy Health Sys.*, 413 F.3d 943, 956-67 (9th Cir. 2005) ("Courts will generally uphold a statute of limitations against a due process challenge as long as the plaintiff is accorded a reasonable time, under all the circumstances, to bring suit before the bar takes effect."). Indeed, current Ninth Circuit Rule 36-3(c) provides that, subject to several exceptions, unpublished Ninth Circuit dispositions and orders issued before January 1, 2007 may not be cited in any court in the Ninth Circuit. The existence of this rule strongly suggests that California's system does not violate due process.

## III.    Immunity

Defendant contends that this lawsuit is barred by either the Eleventh Amendment or judicial immunity because the California Rules of Court at issue were enacted by the California Supreme Court,

13

which is an arm of the State. Because the Court has dismissed plaintiff's claims, the Court does not reach the immunity arguments.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion to dismiss the complaint with prejudice. (Docket No. 7).

**IT IS SO ORDERED.**

Dated: January 28, 2011

SUSAN ILLSTON
United States District Judge